Filed 1/12/16  P. v. Colmenero CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>GILBERT COLMENERO,<br><br>    Defendant and Appellant. | D067066<br><br><br>(Super. Ct. No. SCD114230;<br>                HC16791) |

APPEAL from postjudgment orders of the Superior Court of San Diego County, David J. Danielsen and Amalia L. Meza, Judges.  Affirmed.

Marianne Harguindeguy, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Gilbert Colmenero appeals orders denying his petition for writ of habeas corpus and denying his petition for recall of his sentence pursuant to Penal Code section 1170.126.[1]

---

[1]     All statutory references are to the Penal Code unless otherwise specified.

FACTUAL AND PROCEDURAL BACKGROUND

In 1978, Colmenero pleaded guilty to charges of kidnapping (§ 207), rape in concert (§ 264.1), and robbery (§ 211) and admitted the truth of a section 12022.5 allegation. He was sentenced to prison for 10 years 4 months.

In 1996, Colmenero was convicted of being a felon in possession of a firearm (former § 12021, subd. (a)) and not registering as a sex offender (former § 290, subd. (a)(2)). The trial court denied his motion to dismiss his prior strike offenses and sentenced him under the three strikes law to an indeterminate term of 25 years to life for the first count and a concurrent six-month term for the second count. On appeal, we affirmed his sentence. (*People v. Colmenero* (Apr. 8, 1997, D026568) [nonpub. opn.].)

On September 30, 2014, Colmenero filed a petition for writ of habeas corpus, requesting a recall of his 1996 sentence pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497. He subsequently filed two substantively identical petitions for writ of habeas corpus. On November 12, considering all three petitions as one, the trial court issued an order denying the petition for writ of habeas corpus. The court concluded his contention that he was outside the spirit of the three strikes law was untimely. It further concluded his prior convictions arose out of separate acts and therefore he had been correctly sentenced based on his two prior strike convictions.

On September 22, 2014, Colmenero filed a petition for recall of his sentence pursuant to section 1170.126. On October 7, the trial court issued an order denying his petition, finding he was ineligible for resentencing because he had a prior conviction for a

2

sexually violent offense. Colmenero timely filed multiple notices of appeal challenging the above orders.

DISCUSSION

Colmenero's appointed counsel has filed a brief summarizing the facts and proceedings below. Counsel presents no argument for reversal of the judgment, but asks this court to review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738. Counsel identifies the following possible, but not arguable, issues for our review: (1) is Colmenero eligible for resentencing under section 1170.126, subdivision (e)(2); (2) does his prior section 264.1 (i.e., rape in concert) conviction preclude his eligibility for resentencing under section 1170.126, subdivision (e)(3); (3) does his section 207 (i.e., kidnapping) conviction preclude him from resentencing under section 1170.126; (4) have the elements of a section 264.1 offense changed since 1978 so it would violate the ex post facto clause to find him ineligible for resentencing because of his prior section 264.1 conviction; (5) have the elements of a section 207 offense changed since 1978 so it would violate the ex post facto clause to find him ineligible for resentencing because of his section 207 conviction; (6) is retroactive application of Welfare and Institutions Code section 6600 to his 1978 conviction a violation of the ex post facto clause; (7) does his juvenile status at the time of his 1978 offense preclude his disqualification based on that offense; (8) should the trial court have considered all three of his petitions for writ of habeas corpus as a single writ; (9) did he timely file his petition for writ of habeas corpus regarding his three strikes claim; and (10) did the trial court correctly conclude his prior convictions for

3

kidnapping and rape in concert did not arise out of the same occurrence and were therefore two separate strikes?

We granted Colmenero permission to file a supplemental brief on his own behalf, but he has not responded. A review of the record pursuant to *People v. Wende*, *supra*, 25 Cal.3d 436 and *Anders v. California*, *supra*, 386 U.S. 738 has disclosed no reasonably arguable appellate issues. Colmenero has been competently represented by counsel on this appeal.

## DISPOSITION

The orders are affirmed.

McDONALD, J.

WE CONCUR:

HUFFMAN, Acting P. J.

IRION, J.

4